IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KRISHONN COONEY                                              PLAINTIFF

v.                         No. 4:21-cv-717-DPM

STATE OF ARKANSAS; TAYLOR
DOOBIE, Officer, Morrilton Police
Department; NATHAN WATKINS,
Officer, Morrilton Police Department;
and WILLCUT, Detective                                       DEFENDANTS

ORDER

1. Motion to proceed *in forma pauperis*, Doc. 12, granted. The Court assesses an initial partial fee of $13.20. After the initial fee is collected, Cooney's custodian must collect monthly payments from Cooney's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Cooney's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this order to the Administrator of the Conway County Detention Center, 30 Southern Valley Drive, Morrilton, Arkansas 72110.

**3.** The Court must screen Cooney's complaint. *Doc. 1*; 28 U.S.C. § 1915A. Cooney says there was no probable cause for the searches of his vehicle and house on 25 November 2020. *Doc. 1*. Public records reflect that Cooney was charged in connection with drugs and paraphernalia found during the searches; and he is awaiting trial on those charges in Conway County. *State v. Cooney*, No. 15CR-21-19. The Court can take notice of the proceedings in Cooney's state case because they're directly related to the issues here. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

The Court must abstain from proceeding with Cooney's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Cooney may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Cooney's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

\* \* \*

This case is stayed. Cooney can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Cooney doesn't file a timely motion to reopen or a status report by 8 September 2022, then the Court will reopen the case and dismiss it without prejudice. Motion for status update, *Doc. 13*, denied as moot.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 September 2021