IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KRISHONN COONEY                                                    PLAINTIFF
ADC #107617

v.                       No. 4:21-cv-717-DPM

STATE OF ARKANSAS; TAYLOR
DOOBIE, Officer, Morrilton Police
Department; NATHAN WATKINS,
Officer, Morrilton Police Department;
and WILLCUT, Detective                                          DEFENDANTS

## ORDER

1. Cooney's motions for status updates, *Doc. 39 & 41*, are granted. This Court dismissed Cooney's complaint without prejudice, concluding that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Doc. 19*. The Court of Appeals reversed and remanded the case. The appellate court held that Cooney's challenge to the searches, if successful, would not necessarily call into question his convictions. *Doc. 37*. This Court directs the Clerk to mail Cooney a copy of the docket sheet, *Doc. 37*, *Doc. 38*, and his financial printout.

2. The Court must finish screening Cooney's complaint. 28 U.S.C. § 1915A. Cooney brings claims for damages against three law enforcement officers and Arkansas.

His claims against the state are barred by sovereign immunity. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989).

Cooney's complaint does not say whether he is suing the three officers in their official or individual capacities.  Under precedent, the Court must read his complaint as one against them in their official capacities, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), which means these claims are really against their employer. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  And their employer — the Morrilton Police Department — is not an entity that can be sued under § 1983; the Department is simply an arm of the city. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). The complaint therefore fails to state solid official capacity claims. 28 U.S.C. § 1915(e)(2)(B).

If Cooney wishes to pursue individual capacity claims against the three officers, he may move to reopen, and provide a proposed amended complaint, by 24 June 2022.  In that pleading, he should describe with specifics why probable cause did not exist for the searches, what force was used, why the force was excessive, and what injuries he believes resulted from the searches and from the force used. He should describe in detail what he believes each officer did wrong.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 May 2022